UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK SWIFT, 05-B-3040,

    Petitioner,

        -v-                                   08-CV-6541(MAT)
**ORDER**

JOSEPH T. SMITH, Superintendent,

    Respondent.

---

## I. Introduction

*Pro se* petitioner Mark Swift ("petitioner") has filed a petition for writ of habeas corpus (Dkt. #1) pursuant to 28 U.S.C. § 2254 challenging his conviction in Steuben County Court of Attempted Rape in the First Degree (N.Y. Penal L. §§ 110.00/130.35(1)) following a guilty plea before Judge Joseph W. Latham.

Presently before the Court is the respondent's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("F.R.C.P.") (Dkt. ## 11-13).[1]

## II. Factual Background and Procedural History

On January 25, 2005, petitioner was charged in Steuben County with Rape in the First Degree (N.Y. Penal L. § 130.35(1)), Criminal Sexual Act in the First Degree (N.Y. Penal L. § 130.65(1)) and

---

[1] "Rule 12(b)(6) motions are permissible in habeas proceedings commenced under 28 U.S.C. § 2254, as such motions are not inconsistent with the Rules Governing Section 2254 Cases in the United States District Courts." Foster v. Phillips, No. 03 CIV 3629 MBM DF, 2005 WL 2978686, *3 (S.D.N.Y. Nov. 7, 2005)

Assault in the Second Degree (N.Y. Penal L. § 120.05(6)). <u>See</u> Respondent's Declaration ("Resp't Decl.") at Ex. A.

A plea hearing was held on August 24, 2005, in which petitioner agreed to plead guilty to attempted first-degree rape with a sentence commitment of five years incarceration and five years of post-release supervision.[2] <u>See</u> Plea Tr. at 2 (Ex. B). The county court inquired of petitioner whether he had reviewed and discussed with his attorney the indictment and written plea agreement, that he had not been coerced or pressured to plead guilty, and that he understood that by pleading guilty he was relinquishing the rights enumerated in the written plea agreement, including the right to a jury trial and right to appeal. Plea Tr. 3-7; <u>see also</u> Plea Agreement (Ex. C). Petitioner answered in the affirmative, and then admitted on the record that he was guilty of the crime of "attempt[ing] to engage in sexual intercourse with another person by forcible compulsion." <u>Id.</u> at 6. Petitioner then signed the written plea agreement, and the court found that petitioner had "knowingly, voluntarily and intelligently entered his plea." <u>Id.</u> at 7-8.

Petitioner was subsequently sentenced as a second felony offender to a determinate term of imprisonment of five years with five years of post-release supervision on October 13, 2005. Sentencing Tr. 6-7. (Ex. D). Neither petitioner nor his attorney

---

[2] Petitioner was represented by Thomas J. Stahr, Esq. ("Stahr"), at all proceedings in Steuben County Court.

filed a notice of appeal from the conviction, and, after discussing his appellate rights with his attorney, petitioner expressly affirmed in the Notice of Right to Appeal that he did not wish to appeal See Notice of Right to Appeal (Ex. E.); Affirmation of Thomas Stahr ("Stahr Affrim.") ¶ 21 (Ex. H).

On April 27, 2008, petitioner filed a *pro se* motion pursuant to N.Y. Crim. Proc. L. § 460.30 for an order extending his time to appeal from the judgment of conviction in the Appellate Division, Fourth Department. In his supporting affidavit, petitioner explained that the reason for his nearly three-year delay in his filing "resulted from the improper conduct of the Steuben County Supreme Court's failure to inform [petitioner] of the effect of taking a plea to an unknowing[] and unintelligent agreement and waiving his rights to an appeal . . . when the convicting court never established jurisdiction" over his case, and "by allowing [petitioner] to plea[d] to a nonexistent or hypothetical crime . . . ." Petitioner's Affidavit ("Pet'r Aff.") ¶ 5 (Ex. F). The district attorney's office filed an affidavit in response to the § 460.30 motion. See Ex. G. Petitioner's attorney also submitted an affirmation, asserting that among other things, he told petitioner prior to his plea that if he were convicted, he would be treated as a second felony offender and be subject to a determinate sentence of eight to twenty-five years. Stahr Affrim. ¶ 7. According to Stahr, petitioner knowingly elected to accept the plea offer,

conditioned on petitioner's waiver of appellate rights. Id., ¶¶ 18-20.

The Appellate Division dismissed petitioner's § 460.30 motion as untimely. Ex. I. Petitioner then applied to the Appellate Division for leave to appeal that order to the New York Court of Appeals, which was denied. Ex. K. On August 8, 2008, petitioner applied to the Court of Appeals for leave to appeal, see Ex. L., and that application was dismissed because the order sought to be appealed was "not appealable." Ex. M.

Petitioner then brought the instant petition for writ of habeas corpus, dated October 5, 2008, alleging four grounds for relief: (1) the county court lacked jurisdiction; (2) speedy trial violation; (3) ineffective assistance of trial counsel; and (4) judicial bias. Petition ("Pet") ¶ 12(A)-(D). Petitioner filed a declaration which states additional facts in support of his claims (Dkt. #8).

On April 15, 2009, respondent filed a motion to dismiss the petition pursuant to F.R.C.P. 12(b)(6). By order dated April 23, 2009, the Court directed petitioner to address the arguments contained in the respondent's motion no later than May 26, 2009 (Dkt. #16). On May 21, 2009, petitioner requested additional time to file his response (Dkt. #18), and the Court granted petitioner an enlargement of time to July 1, 2009 (Dkt. #19). No response was filed by petitioner. The Court has reviewed the petition and the

respondent's motion to dismiss. For the reasons that follow, the petition is dismissed as untimely.

## III. Discussion

*Timeliness of Petition*

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Where a habeas petitioner does not file a timely state court appeal, the one-year limitations period begins to run when the time to file a state court appeal expires. See Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002).

Under New York law, the time to file a notice of appeal expires thirty days "after imposition of sentence." New York Crim. Proc. L. § 460.10(1)(a); see Bethea, 293 F.3d at 578. In this case, the one-year limitations period began to run on November 12, 2005, thirty days after petitioner's October 13 sentencing, and ended one year later (November 12, 2006). Simply stated, petitioner's habeas petition was filed nearly two years after his conviction became final. Petitioner's motion for permission to file a late appeal in state court, dated April 27, 2008, had no effect on the limitation as the period had already expired on November 12, 2006, nearly one and one-half years earlier. A "motion to file a late notice of appeal in state court does not 'restart' or alter the limitations period." Plasencia v. Barkley, No. 05-CV-1722 (SLT)(LB), 2008 WL 4185879, *2 (E.D.N.Y. Sept. 9, 2008) (citing Bethea, 293 F.3d at 579). The petition, therefore, is clearly untimely.

***Equitable Tolling***

An untimely petition will be dismissed unless the petitioner has presented any basis for the equitable tolling of the statute of limitations. To meet this burden, a petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Stated another way, the petitioner must demonstrate that there is "a causal relationship between the extraordinary circumstances on which the claim for

equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (internal citations omitted). "The term 'extraordinary' does not refer to the uniqueness of the petitioner's circumstances, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period." Bolarinwa v. Williams, 593 F.3d 226, 231-32 (2d Cir. 2010) (internal quotation marks omitted)

Here, the only reason petitioner offers for his late filing is that he was "housed in the Attica Correctional Facility and was to[o] scar[ed] to let anyone know [his] crime." Pet. ¶ 11(d). This does not constitute an extraordinary circumstance, and petitioner's two and a-half year delay in attempting to appeal his conviction does not demonstrate that he acted with reasonable diligence. While petitioner contends that his counsel was ineffective, he does not claim that counsel was responsible for his late filing. Moreover, a petitioner's *pro se* status does not warrant equitable tolling. Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir.), cert. denied, 531 U.S. 840 (2000). Accordingly, the petition must be dismissed as untimely. See Vasile v. Herbert, No. 00Civ.7338(LMM), 2001 WL 1029404 (S.D.N.Y. Sept. 6, 2001) (granting 12(b)(6) motion to dismiss habeas petition on statute of limitations grounds);

Denis v. David, No. 02 Civ. 7414(RWS), 2003 WL 21032010 (S.D.N.Y. May 6, 2003) (same).

**IV. Conclusion**

For the reasons set forth above, the Court finds that the statute of limitations has expired and there is no basis for equitable tolling. Accordingly, respondent's motion to dismiss is granted, and the habeas petition is dismissed as time-barred. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir.2000). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: November 22, 2010
Rochester, New York